IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR ALPHA BANK & TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES A. BLACKWELL, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:11-CV-3423-RWS |

## **ORDER**

This case is before the Court for consideration of Plaintiff's Renewed Motion to Stay Dispositive Proceedings [175]. After reviewing the record, the Court enters the following Order.

Plaintiff urges the Court to stay dispositive proceedings until a decision is issued by the Eleventh Circuit Court of Appeals in *FDIC, as Receiver for Integrity Bank v. Skow, et al.*, Case No. 1:11-CV-111-SCJ (the "*Skow*" case). The issue before the court in *Skow* is whether ordinary negligence is a standard of conduct to be applied in directors and officers cases. This Court's earlier

AO 72A
(Rev.8/82)

decision granting partial summary judgment on the negligence claims in the present case [41] is consistent with the decision of the district court in *Skow*. However, a contrary decision has been reached by another judge on this Court who has certified the question to the Georgia Supreme Court. *FDIC v. Loudermilk*, Case No. 1:12-CV-4156-TWT ("*Loudermilk*"). Plaintiff asserts that a resolution of this fundamental question of law can have a significant impact on this case. The Court agrees.

Therefore, Plaintiff's Renewed Motion to Stay Dispositive Proceedings [175] is hereby **GRANTED**. The filing of dispositive motions is **STAYED** until 10 days following a ruling by the Court of Appeals in *Skow* or the Georgia Supreme Court in *Loudermilk*, whichever occurs earlier.[1]

---

[1] By Order [158] entered August 16, 2013, the Court directed Plaintiff to comply with the requirements of Section VI.B of the Administrative Procedures for filing, signing, and verifying papers by electronic means in civil cases and reserve ruling on the Motion to allow an opportunity for counsel to comply. The Court has received no documentation that the requirements for redaction have been met, therefore, the Motion [132] is hereby **DENIED**, with a right to refile upon compliance with the requirements of the Standing Order.

Also, Defendants' Motion to Reconsider and/or Vacate this Court's Order of November 15, 2013 [178] was granted by the Court's November 25, 2013 Order [180]. Therefore, the Clerk is directed to remove Defendants' Motion [178] as a pending motion.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  18th  day of December, 2013.

_____
**RICHARD W. STORY**
United States District Judge