IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER
FOR ALPHA BANK & TRUST
    Plaintiff,

v.

JAMES A. BLACKWELL, JR.,
JOSEPH L. BRINER (nominally, to
extent of Insurance policy coverage
only), DAN E. BURGE, CLAUD E.
CLARK, THOMAS D. DANIEL,
BARRY E. MANSELL, JACK. V.
MILLER, JAYANTILAL K. PATEL,
and ROBERT E. SKEEN, III
    Defendants.

CIVIL ACTION FILE NO.:

1:11-CV-3423-RWS

**BRIEF IN SUPPORT OF MOTION TO VACATE IN PART ORDER
OF AUGUST 3, 2012 GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS**

Plaintiff  Federal Deposit Insurance Corporation as Receiver for Alpha Bank

& Trust (FDIC-R) moves  this Court to vacate the portion of this Court's Order of

August 3, 2012 [dkt 41] in which the Court granted Defendants' Motion to Dismiss

[dkt 24] as to FDIC-R's Count I based on ordinary negligence.  As grounds for this

Motion, FDIC-R shows the Court as follows:

1. Defendants' Motion to Dismiss [dkt 23] the FDIC-R's ordinary negligence

claim was based almost entirely upon the "rule" derived from *Brock Built, LLC*

1

*v. Blake*, 686 S.E.2d 425 (Ga. Ct. App. 2009), and *Flexible Products. Co. v. Ervast*, 643 S.E.2d 560 (Ga. Ct. App. 2007), which Defendants argued that negligence claims against bank directors and officers are barred unless a plaintiff can show fraud, bad faith or abuse of discretion in the performance of their duties. See Brief in Support [dkt 23-1].

2.  In its Response to Defendants' Motion to Dismiss, the FDIC-R maintained that dismissal of the FDIC-R's ordinary negligence claim was not appropriate, even assuming the viability of the "business judgment rule" in light of O.C.G.A. § 7-1-490, because "To claim the protection of the BJR, the Defendants must first make the requisite showing that they acted in good faith and in an informed and deliberate manner." Response [dkt 30] at 12.

3.  This Court's Order of August 3, 2012, dismissing Count I of the FDIC-R's Complaint alleging ordinary negligence under O.C.G.A. §7-1-490 was expressly based upon the application of *Brock Built* and *Flexible Products*.

4.  On July 11, 2014, the Georgia Supreme Court issued a unanimous opinion holding, *inter alia*, that *Brock Built* and *Flexible Products* described a version of the "business judgment rule" at variance with Georgia law, and expressly

overruled *Brock Built* and *Flexible Products*.  See *FDIC v. Loudermilk*, Case

No. S14Q0454, July 11, 2014, Slip Op. at 28-29.[1]

5. The Georgia Supreme Court's opinion in *Loudermilk* is consistent with the

FDIC-R's Response to the Motion to Dismiss, as the Court held that:

> In the light of this statutory history, we conclude that OCGA § 7-1-490 (a) is perfectly consistent with the business judgment rule acknowledged at common law in the decisions of this Court. To be sure, subsection (a) provides that an officer or director who acts "in good faith and with that diligence, care, and skill which ordinarily prudent men would exercise under similar circum-stances in like positions" "shall have no liability by reason of be-ing or having been a director or officer of the bank or trust com-pany." OCGA § 7-1-490 (a). And no doubt, these provisions im-ply strongly that, if an officer or director *fails* to act in good faith or with such ordinary care, he is subject to liability. But taken in its legal context, the statutory reference to ordinary "diligence, care, and skill" is most reasonably understood to refer to the care required with respect to the process by which a decision is made, most notably the diligence due to ascertain the relevant facts.

*Loudermilk*, Slip Op. at 23-24.

6. Because the Georgia Supreme Court has now clarified that the "business

judgment rule" does not act as a bar to ordinary negligence claims in every

instance, and because the Georgia Supreme Court overturned the two cases

relied upon by Defendants' in their Motion to Dismiss the FDIC-R's ordinary

negligence claim, this Court should apply *Loudermilk*, vacate its Order of

---

[1] The Georgia Supreme Court's opinion answered a certified question from Judge Thomas W. Thrash, Jr., in FDIC v. Loudermilk, (Civ. Action No. 1:12-cv-4156-TWT).

August 3, 2012 with respect to the ordinary negligence claims of the FDIC-R,

and direct the Clerk to reinstate Count I of Plaintiff's Complaint.

Respectfully submitted this 31st day of July, 2014.

> SIMKINS  HOLLIS  LAW  GROUP,
> PC
> /S. Paul Smith/
> Jeanne Simkins Hollis
> Georgia Bar No. 646890
> S. Paul Smith
> Georgia Bar No. 663577
> 1924 Lenox Road, NE
> Atlanta, GA 30306
> (404) 474-2328 phone
> (770) 587-0726 FAX
> jshollis@shlglaw.com
>
> *Attorneys for the Federal Deposit*
> *Insurance Corporation as Receiver*
> *for Alpha Bank & Trust*

## LR 7.1 CERTIFICATE

Pursuant to L.R. 7.1D, counsel certifies that the foregoing complies with the font and point selections approved by the Court in L.R. 5.1.C.  This document was prepared using Times New Roman font, 14-point.

> /S. Paul Smith/
> S. Paul Smith
> Simkins Hollis Law Group, P.C.

## CERTIFICATE OF SERVICE

I certify that, on July 31, 2014, I served a copy of the foregoing to all counsel of

record via the Court's ECF/EM filing system.

/S. Paul Smith/
S. Paul Smith
Simkins Hollis Law Group, P.C.